UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MATTHEW A. SMITH,

    Plaintiff,

v.

GMAC MORTGAGE GROUP, LLC,

    Defendant.

Civil No. 14-1536 (SRN/JJK)

**REPORT AND RECOMMENDATION**

    This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

    An IFP application will be denied, and the action will be dismissed, if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

    To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the

framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The facts supporting a plaintiff's claims must be clearly alleged.  Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, most of Plaintiff's complaint consists of oblique sentence fragments. Because Plaintiff has not presented his allegations in complete and coherent sentences, it is impossible to ascertain what he is attempting to allege.  Plaintiff's complaint includes several obscure references to a contract, and there are also several references to a mortgage.  Thus, it appears that Plaintiff might be trying to claim that the named Defendant, "GMAC Mortgage Group, LLC," somehow breached the terms of some type of mortgage loan agreement.  This is sheer speculation, however, because the complaint does not actually describe any specific mortgage loan agreement, or any other specific contractual relationship, between Plaintiff and Defendant.[1]

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Plaintiff's current complaint does not meet this standard.  Plaintiff's complaint is full of legal jargon, and terse conclusory accusations, but Plaintiff has not

---

[1] It is not even clear that Plaintiff actually is attempting to sue the named Defendant, GMAC Mortgage Group, LLC.  One section of the complaint states that: "The plaintiff asks the court to recognize he was wrongfully terminated by the United Parcel Service."  (Complaint, [Docket No. 1], p. 11, [emphasis added].)  It is unclear how this section of the complaint could have any relevance to any mortgage loan agreement, (or any other transaction or relationship), between Plaintiff and Defendant GMAC Mortgage Group, LLC.

presented a coherent narrative of specific historical facts that could support any possible claim.

In sum, the allegations in Plaintiff's complaint do not describe any specific acts or omissions by the named Defendant that could support any cause of action against Defendant based on any cognizable legal theory.  Thus, the Court concludes that, even with the liberal construction that is required in pro se cases, (Atkinson, 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)), Plaintiff's current complaint fails to state a cause of action on which relief can be granted.  Because Plaintiff's complaint fails to state an actionable claim for relief, his IFP application must be denied, and this case must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2.   This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: May 19, 2014

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 4, 2014**, a writing which

specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.